PER CURIAM:
On October 12, 1985, at approximately 2:00 a.m., claimant's insured, George Guthrie, was operating his 1983 Cadillac El Dorado on Secondary Route 81 in the vicinity of Mammoth, Kanawha County. As he approached a bridge, he observed a motorcycle coming toward his *213 vehicle in the opposite direction. He drove to the right off of the paved portion of the road. As he came back onto the road and drove onto the bridge, his vehicle left the bridge, turned over, and landed in Kelly's Creek. Claimant seeks $15,440.40. This amount includes claimants' insured's $200.00 deductible, his hospital bills for personal injuries which resulted from the accident, and damage to the automobile.
Claimant's insured testified that he was returning to his home from a private residence. He was travelling in the direction of Route 60. It was dark, but clear. He observed no street lights and few other lights. Prior to the date of this incident, he had not driven on this particular route. However, he had travelled over this particular bridge three times earlier on the evening of the accident.
Claimant explained that as one enters the bridge from both ends, the ends may be compared to an "S." When he first observed the motorcycle, he felt that it was going to have contact with the left fender of his vehicle, and he drove his vehicle off of the road. He stated that it was a "swiveling effect." He returned to the road after the motorcycle had passed his vehicle. He was attempting to line his vehicle up with what he assumed was the center of the bridge. Thereupon, the left front wheel of claimant's vehicle went off of the highway, and the vehicle ended up in the creek.
Corporal George F. Bearfield was the investigating officer. He arrived at the scene at 2:26 a.m. He testified that there was a dangerous curve before the bridge. There were no signs indicating the narrowing of the road. The guardrail at the upper end of the bridge was down at the time of this incident. Although he did not observe Mr. Guthrie operating his automobile, he did write "exceeding safe speed" as a contributing circumstance on the accident report which he had prepared in his investigation of the accident. He testified that "In looking at the accident, I considered it to be that Mr. Guthrie was not familiar with the road, the oncoming traffic blinded him and he was just moving too fast for the road. It's just the type of road you need to slow down on. If you're familiar with it, you need to slow down, and with oncoming traffic, he needed to slow down even more but, you know, I didn't see any skid marks so I'm saying, well, he was running a little too fast."
Claude Blake, Chief Investigator for respondent, testified that this is a one-lane bridge and the road follows the creek. He stated that the speed limit was 35 miles per hour in this area at the time of the incident.
Steve Campbell, bridge engineer for respondent, checked respondent's records and found no record of complaints for this area prior to October 12, 1985. This bridge is inspected every two years. It is standard practice of the respondent to have hazard paddles on all four corners of a bridge, but there were only two paddles located on the driver's right side of the bridge at the time of the incident. The hazard paddles were not up on the left corners of the bridge.
*214 After carefully reviewing the evidence, the Court is of the opinion that the failure on the part of the respondent to maintain the guardrail and hazard paddles on the bridge was not the proximate cause of this accident. It is the opinion of the Court that the insured's speed was the proximate cause of this accident. For this reason, the claim must be denied.
Claim disallowed.